**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Yana Hart (SBN 306499)
*yhart@clarksonlawfirm.com*
Mark Richards (SBN 321252)
*mrichards@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEENA KHALIFA, on behalf of herself and all others similarly situated,<br><br><br>Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.<br><br>Defendant. | Case No.    3:25-cv-02777<br><br>**CLASS ACTION COMPLAINT**<br><br><br>DEMAND FOR JURY TRIAL |

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

## **TABLE OF CONTENTS**

I.    INTRODUCTION ..........................................................................................................1

II.   JURISDICTION AND VENUE ..................................................................................2

III.  PARTIES ......................................................................................................................3

IV.   FACTUAL ALLEGATIONS .......................................................................................5

    A.  The Class Vehicles' Door Lock Actuators Are Substantially the Same....................5

    B.  The Class Vehicles' Door Lock Actuators Suffer from and Unreasonable Safety Defect ........................................................................................................................6

    C.  Nissan's Knowledge and Concealment of the Door Lock Defect .............................7

        1.  July 2015 Recall.................................................................................................7

        2.  NHTSA Complaints ...........................................................................................9

        3.  Technical Service Bulletins .............................................................................43

            a.   September 27, 2026, TSB No. NTB16-092 .......................................44

            b.   December 12, 2022, TSB No. NTB22-104.........................................44

        4.  Warranty Repairs and Customer Complaints to Nissan ...........................45

V.    TOLLING OF STATUTES OF LIMITATIONS .......................................................46

    A.  Discovery Rule.........................................................................................................46

    B.  Fraudulent Concealment ..........................................................................................46

    C.  Estoppel....................................................................................................................47

VI.   CLASS ACTION ALLEGATIONS ...........................................................................47

VII.  CAUSES OF ACTION ...............................................................................................50

VIII. PRAYER FOR RELIEF .............................................................................................61

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

Plaintiff Deena Khalifa ("Plaintiff"), on behalf of herself and a class of other similarly situated individuals (collectively, "the Class"), complain of and allege the following causes of action against Defendant Nissan North America, Inc. ("Nissan" or Defendant") as follows:

## I.    INTRODUCTION

1.    This putative class action lawsuit arises from Nissan's long-standing concealment of a uniform latent defect in the door lock actuators of several vehicle models: the 2013-25 Altima, 2014-25 Rogue, and 2013-25 Sentra. ("Class Vehicles")

2.    When this door lock defect manifests, the power door locks fail to operate correctly, resulting in doors flying open during operation, spontaneous and unintended locking or unlocking of doors, and/or an inability for passengers to open the doors at all. ("Door Lock Defect")

3.    As a result of the defect, consumers have reported being trapped inside their vehicles, often having to crawl out of windows to free themselves.

4.    In multiple other reports, the door locking mechanism and automatic windows have malfunctioned simultaneously, eliminating the window as an emergency exit and requiring the use of force to rescue trapped occupants.

5.    Unintentional and spontaneous door openings are equally harrowing. They can occur while the vehicle is in motion, even at highway speeds, jeopardizing the lives of all vehicle occupants, including young children and others who are particularly vulnerable to being ejected from Nissan vehicles as a result.

6.    When the vehicle is not moving, the spontaneous unlocking of doors also exposes vehicle owners to increased risks of crime, further failing to meet the basic safety and reliability standards consumers reasonably expect when purchasing vehicles at a premium price from a brand that promises safety and excellence.

7.    Nissan has been aware of the defect and resulting dangers for over a decade but has failed to take adequate corrective action. Despite receiving numerous complaints, Nissan has

Clarkson Law Firm, P.C.    |    22525 Pacific Coast Highway, Malibu, CA 90265    |    P: (213) 788-4050   F: (213) 788-4070    |    clarksonlawfirm.com

Class Action Complaint

neglected to properly notify consumers of the defect, refused to repair the defective door locks without charge, and failed to offer reimbursement for out-of-pocket repair costs.

8.    By concealing the defect and failing to address it, Nissan has acted unfairly, deceptively, and fraudulently, in violation of multiple consumer protection and other laws. Vehicle owners have suffered financial losses by overpaying for defective vehicles, with many incurring additional repair costs for which they should also be compensated.

9.    Legal intervention is also required as a matter of public safety. Because the defect can manifest while in operation, Nissan's ongoing inaction threatens the lives of not only vehicle drivers and their passengers, but also everyone forced to share the road with the unreasonably dangerous vehicles.

## II.    JURISDICTION AND VENUE

10.    This Court has diversity jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332 (d) because the proposed Class consists of 100 or more members, the amount in controversy for the Class exceeds $5,000,000 and Plaintiff is a citizen of a different state than Nissan.

11.    This Court has specific personal jurisdiction over Nissan because it is registered to conduct business in California, has purposefully availed itself of the benefits and protections of California by conducting continuously and systematically conducting substantial business in this judicial district, directing advertising and marketing materials to districts within California, and intentionally and purposefully placing Class Vehicles into the stream of commerce within the districts of California and throughout the United States with the expectation and intent that they would be purchased by consumers.

12.    Venue as to Nissan is proper in this judicial district under 28 U.S.C § 1391 because Defendant sells a substantial number of automobiles in this District, has dealerships in this District, and many of Nissan's acts complained of herein occurred within this District, including the

Clarkson Law Firm, P.C.    |    22525 Pacific Coast Highway, Malibu, CA 90265    |    P: (213) 788-4050   F: (213) 788-4070    |    clarksonlawfirm.com

marketing, sale, and leasing of the Class Vehicles to Plaintiff and members of the putative Class in this District.

## III.    PARTIES

**Plaintiff Deena Khalifa**

13.    Plaintiff Deena Khalifa is a citizen and resident of Rohnert Park, California.

14.    On or around March 13, 2020, Plaintiff Khalifa purchased a new model year 2020 Nissan Rogue (for this section, "the vehicle") from San Leandro Nissan, an authorized Nissan dealership located in San Leandro, California.

15.    Plaintiff Khalifa purchased the vehicle for personal, family, and/or household purposes.

16.    Prior to purchasing the vehicle, Plaintiff Khalifa reviewed the Monroney label[1] that Nissan affixed to its window. The Monroney label advertised the various features of the vehicle (such as the manufacture suggested retail price ("MSRP"), specifications, fuel economy, equipment and warranty details and crash test ratings) and Plaintiff Khalifa relied on the advertisements contained within the window sticker when deciding to purchase the Vehicle. The Monroney label did not state that the vehicle suffered from any defects. Nissan also omitted any information regarding this defect in its advertising of the Class Vehicles, despite knowing of the issue years prior to Khalifa's purchase.

17.    Prior to purchasing the vehicle, Plaintiff Khalifa spoke with one or more sales representatives at San Leandro Nissan regarding the various features, benefits, and attributes of the vehicle and relied on their representations when deciding to purchase the vehicle. None of the sales representatives at San Leandro, Nissan informed Plaintiff Khalifa of the latent Door Lock Defect

---

[1] Manufacturers of new automobiles are required under Federal law to affix the Monroney label or window sticker to their vehicles, and the labels must include specific information, including make, model, MSRP, engine specs, fuel economy, crash test ratings, and warranty details. *See* 15 U.S. Code § 1232; The purpose of the Monroney label is to provide consumers with relevant information—including critical safety related information—at the point of sale. *See also* 49 CFR § 575.301.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

that plagued the Class Vehicles. Moreover, neither Nissan, nor any of its agents, dealers, or other representatives informed Plaintiff Khalifa of the Door Lock Defect's existence prior to, or any time after, her purchase.

18.     Neither Nissan, nor any of its agents, dealers or other representatives informed Plaintiff Khalifa of the existence of the Door Lock Defect prior to her purchase of the vehicle.

19.     Had Plaintiff Khalifa known about the Door Lock Defect at the time she purchased the vehicle, she would not have purchased the vehicle or would have paid substantially less for it.

20.     Plaintiff Khalifa has suffered an ascertainable loss as a result of Nissan's omissions associated with the Door Lock Defect, including, but not limited to, her overpayment for the vehicle and the cost necessary to repair the defective vehicle.

**Defendant Nissan North America, Inc.**

21.     Nissan North America, Inc. is a corporation incorporated in the state of and with its principal place of business located at One Nissan Way, Franklin, Tennessee, 37067. Nissan was and is authorized to do and is doing business—and has regularly conducted business—in the State of California.

22.     At all times herein mentioned, Nissan designed, engineered, developed, manufactured, fabricated, assembled, equipped, tested or failed to test, inspected or failed to inspect, repaired, retrofitted or failed to retrofit, failed to recall all affected Class Vehicles, labeled, advertised, promoted, marketed, supplied, distributed, wholesaled, and/or sold the Class Vehicle, including the Class Vehicles purchased by Plaintiff.

23.     Nissan does not sell vehicles directly to consumers; instead, Nissan's vehicles are sold exclusively to authorized Nissan dealerships who, in turn, sell them to consumers.

24.     Nissan exclusively controlled the content of and affixed the Monroney label to each new Class Vehicle offered for sale at its authorized dealerships, systematically omitting any disclosure of the Door Lock Defect.

25.    Nissan also developed the marketing materials to which Plaintiff and the Class were exposed, owner's manuals, informational brochures, warranty booklets, and information included in maintenance recommendations and/or schedules for the Class Vehicles, all of which fail to disclose the Door Lock Defect.

### IV.    FACTUAL ALLEGATIONS

**A.    The Class Vehicles' Door Lock Actuators Are Substantially the Same**

26.    Door lock actuators are compact electromechanical devices that convert electrical signals into mechanical action to lock and unlock vehicle doors. When activated by a key fob, interior switch, or vehicle security system, the actuator's electric motor engages a series of gears that amplify torque, which then moves a linkage rod or cable connected directly to the door lock mechanism. These actuators are integrated with the vehicle's body control module[2] ("BCM"), allowing for programmable features such as automatic locking at certain speeds or emergency unlocking during accidents.

27.    All of the Class Vehicles are equipped with door lock actuators that are the same or substantially in materials and design similar from an engineering standpoint, consisting of an electronic switch, circuit board, connection cables, and actuator motor.

28.    **Figure 1** and **Figure 2** below provide illustrative examples of the door lock actuator and its internal component parts (also referred to as the door lock assembly) in the Class Vehicles.

---

[2] The BCM is an electronic control unit is responsible for monitoring and handling various handles electronic accessories and functions in the vehicle, including, *inter alia*, lighting, climate control, keyless entry, anti-theft duties, and managing communications between other modules.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIGURE 1**

**FIGURE 2**



6

Class Action Complaint

**B.    The Class Vehicles' Door Lock Actuators Suffer from an Unreasonable Safety Defect**

29.    As demonstrated by the scores of complaints reported by Class Vehicle owners and lessees, the door lock actuators in the Class Vehicles are plagued by a latent manufacturing and/or design defect, the manifestation of which results in the inability to unlock or lock the vehicles' doors, among other problems. When the Door Lock Defect is in effect, it results in a range of reported unreasonably dangerous safety risks.

30.    One customer driving a 2019 Rogue had the Door Lock Defect manifest during a crash event, and relayed: "My rogue immediately caught fire from under the hood and the doors wouldn't open. . . . [the other party] ram[md] his body repeatedly into the rear passenger window and yanked me out of the car. Within 10 seconds of him doing that the vehicle exploded."[3]

31.    A 2018 Nissan Rogue reported that she and her niece had the Door Lock Defect while attempting to flee from being followed in a parking lot by a strange acting man: "We took off running toward my vehicle trying to reach safety, but what happens? The door lock actuator fails and [I]'m unable to enter my own vehicle! Our only saving grace was that another man in the parking lot noticed that we were trying to fle[e] from danger and intervened."[4]

32.    A 2020 Nissan Sentra owner reported "while driving at speeds above 15 mph the rear passenger side safety lock did not activate, and [my] 9-year-old grandchild was able to open the door [while moving].[5]

33.    One customer with a 2019 Nissan Rouge had the horrifying experience of having "all four car doors lock[] up on the side of the road with [her] 5 month old infant inside. . . . [She] had to break the driver['s] side glass to even have access to open the door to get the infant out."[6]

34.    These are only a few of the approximately 151 complaints reported to NHTSA on this safety defect. Beyond these unreasonably dangerous circumstances, in many instances, consumers

---

[3] Exhibit 1 at 62.
[4] Exhibit 1 at 90.
[5] Exhibit 1 at 99.
[6] Exhibit 1 at 61.

have incurred and will continue to incur expenses for the continued repair and/or replacement of the defective door lock assemblies despite the defect having been contained in the Class Vehicles when manufactured by Defendant.

**C.    Nissan's Knowledge and Concealment of the Door Lock Defect**

35.    Nissan has long-standing knowledge of the Door Lock Defect and the unreasonable risk of danger resulting from it. Indeed, the collective publicly available evidence of consumer complaints and Technical Service Bulletins ("TSBs") over the course last decade indicates that **Nissan has known about the Door Lock Defect as early as 2014.**

36.    Nissan's knowledge of the Door Lock Defect in the Class Vehicles is evidenced by its (1) an inadequately scoped safety recall in 2015 (2) records from and to NHTSA, (3) its own records of customers' complaints, (4) dealership repair records; (5) warranty and post-warranty claims, (6) pre-sale durability testing, and (7) other various sources.

**1.    July 2015 Safety Recall**

37.    On July 16, 2015, Nissan publicly acknowledged issues with the Door Lock Defect for this first time by conducting a voluntary safety recall on driver's side door locks for a limited number of 2015 model Sentra, Versa Note, and Rogue vehicles.[7] The recall was extremely limited and applied to only 6,595 vehicles—41 of which were 2015 Nissan Rogues and 5,281 of which were 2015 Nissan Sentras.

38.    In providing a reason for the recall, Nissan shifted blame to its Tier 2 supplier, contending that door latch mounting plates had been manufactured out of specification, which "could lead to a binding of the ratchet mechanism  which captures the  door striker as the door

---

[7] Exhibit 2, Letter from Donald Neff, Manager, Technical Compliance, Nissan North America, Inc., to Frank S. Borris II, Acting Associate Administrator for Enforcement, National Highway Traffic Safety Administration (July 16, 2015). ), https://static.nhtsa.gov/odi/rcl/2015/RCORRD-15V453-1379.pdf, (Last accessed  March 24, 2025)

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

closes."[8] In other words, Nissan had determined that recalled vehicles had a problem that prevented their door lock actuators from functioning properly.

39.    In announcing this limited recall, Nissan further acknowledged the safety implications of door lock actuators that malfunction, stating that "the driver's side front and rear doors might not to fully latch when closed" and that "the doors may open while the vehicle is in motion, increasing the risk of injury in a crash."

40.    Nissan incorrectly limited and isolated the malfunctioning door lock actuators to a limited manufacturing issue in its 2015 recall. Moreover, Nissan knew or should have known that it had incorrectly determined that the door lock actuator malfunctions in the 2015 Nissan Altima and 2015 Sentra were not limited to a limited manufacturing problem alone, but to a broader latent design defect affecting the entire vehicle population.

41.    Indeed, despite the 2015 recall, complaints of failing door lock actuators in the Class Vehicles—all of which have door lock actuators that are the same or substantially similar from an engineering standpoint—have persisted through the present date without Nissan providing a wholesale remedy to Class Vehicle owners or informing them of the widespread and uniform Door Lock Defect affecting their vehicles.

**2.    NHTSA Complaints**

42.    The NHTSA's Consumer Complaint Database is one of the most important sources of field data regarding the Door Lock Defect. This publicly available database contains all motor vehicle-related consumer complaints submitted to NHTSA since January 2000. Consumers submit what is called a "Vehicle Owner Questionnaire" in which they asked to provide information that includes the make, model, and year of the vehicle; the approximate incident date; the mileage at which the incident occurred; whether the incident involved a crash or a fire; whether any persons

---

[8] The "ratchet mechanism" in a door lock actuator is a consists of a toothed wheel and moveable lever that allows the wheel to rotate in only one direction by catching on the teeth. When applied to locks, this enables one-way movement for locking or unlocking while preventing the mechanism from reversing unless deliberately released.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

were injured or killed in the incident; the speed of the vehicle at the time of the incident; and a description of the incident along with a description of the vehicle components they believe were involved in the incident. The majority of consumer complaints are submitted online at www.safercar.gov, where consumers can input this information directly into the database. They can also submit complaints by telephone through the Auto Safety Hotline, through submitting a paper Vehicle Owner Questionnaire form, or by mailing consumer letters to NHTSA. This information is then entered into NHTSA's ARTEMIS database where it can be searched and reviewed by the general public and vehicle manufacturers alike, by make, model, year, and component. NHTSA promotes this database as a valuable consumer information tool.

43.    Nissan routinely monitors the NHTSA for consumer complaints and is keenly aware of the complaints included there and attached to this Complaint.

44.    Since 2014, Class Vehicle Owners have submitted approximately 151 complaints[9] to NHTSA regarding the Door Lock Defect in their vehicles, demonstrating a widespread and common problem with the Class Vehicles' door lock actuators, as exemplified below:

## NISSAN ROGUE

April 14, 2014 NHTSA ID NUMBER: 10579705
Components: ELECTRICAL SYSTEM, EXTERIOR LIGHTING, STRUCTURE
NHTSA ID Number: 10579705
Incident Date March 24, 2014
Consumer Location SAN GABRIEL, CA
Vehicle Identification Number 5N1AT2MT2EC****
Summary of Complaint
CRASH No
FIRE No
INJURIES 0
DEATHS 0
IM DRIVING IN THE FREEWAY AND IT SHOW THE WARNING LEFT SIDE PASSENGER DOOR IS OPEN AND THE LOCKING SYSTEM START ENGAGING ON & OFF AND LIGHT INSIDE ON & OFF ALSO. *JS

---

[9] All 151 NHTSA complaints are included in Exhibit 1 to this complaint.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ROGUE | 2014 |

October 3, 2016 NHTSA ID NUMBER: 10911263
**Components: ELECTRICAL SYSTEM, STRUCTURE, LATCHES/LOCKS/LINKAGES**
**NHTSA ID Number:** 10911263
**Incident Date** September 29, 2016
**Consumer Location** IOWA, LA
**Vehicle Identification Number** KNMAT2MT2GP****
**Summary of Complaint**
**CRASH**No
**FIRE**No
**INJURIES**0
**DEATHS**0
TL* THE CONTACT OWNS A 2016 NISSAN ROGUE. WHEN IT RAINED OR WHEN THERE
WAS MORNING CONDENSATION, THE FRONT PASSENGER DOOR WOULD LOCK AND
UNLOCK AUTOMATICALLY. ALSO, THE DOME LIGHT REMAINED ILLUMINATED AND
THE RED AND YELLOW PASSENGER DOOR AJAR WARNING SENSOR ILLUMINATED.
THE VEHICLE WAS TAKEN TO THE DEALER, BUT WAS NOT DIAGNOSED OR REPAIRED.
THE MANUFACTURER STATED THAT THEY WOULD ESCALATE THE ISSUE AND GET
BACK WITH THE CONTACT. THE FAILURE MILEAGE WAS APPROXIMATELY 5,900.
**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ROGUE | 2016 |

September 11, 2017 NHTSA ID NUMBER: 11022632
**Components: ELECTRICAL SYSTEM, UNKNOWN OR OTHER**
**NHTSA ID Number:** 11022632
**Incident Date** September 10, 2017
**Consumer Location** ABERDEEN, MD
**Vehicle Identification Number** 5N1AT2MV1GC****

11

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

**Summary of Complaint**

**CRASH** No

**FIRE** No

**INJURIES** 0

**DEATHS** 0

NISSAN'S INTELLIGENT KEY SYSTEM AUTOMATICALLY LOCKS THE CAR WHEN A DOOR IS SHUT, EVEN THOUGH THE KEY IS INSIDE. WE HAVE HAD THIS HAPPENS TWO TIMES THIS WEEK. MAYBE THE LATEST VERSION OF THEIR CAR SOFTWARE? WE JUST GOT THAT UPDATED. MY WIFE UNLOCKS ALL DOORS, OPENS PASSENGER CAR DOOR, PUTS PURSE WITH SMART KEY IN PASSENGER SEAT, SHUTS DOOR, OPENS REAR PASSENGER SEAT DOOR, PUTS SON IN CAR SEAT, SHUT DOOR AND BOOM, CAR LOCKS ITSELF. TWO TIMES. FIRE DEPARTMENT HAD TO COME.

**1 Affected Product**

**Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ROGUE | 2016 |

September 27, 2017 NHTSA ID NUMBER: 11030106

**Components: ELECTRICAL SYSTEM**

**NHTSA ID Number:** 11030106

**Incident Date** September 4, 2017

**Consumer Location** PASSAIC, NJ

**Vehicle Identification Number** JN8AS5MVXDW****

**Summary of Complaint**

**CRASH** No

**FIRE** No

**INJURIES** 0

**DEATHS** 0

OUT OF NO WHERE MY DRIVER DOOR STOPPED RESPONDING TO THE BUTTON ON THE KEY OR OPEN SWITCH INSIDE. IN ORDER TO PROPERLY LOCK OR UNLOCK MY CAR I MUST MANUALLY INSERT THE KEY . THIS HAPPENED OUT OF NO WHERE. AT FIRST I THOUGH THE BATTER DIED ON THE KEY SO I REPLACED IT AND NOTHING.

**1 Affected Product**

**Vehicle**

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ROGUE | 2013 |

**November 21, 2019** NHTSA ID NUMBER: 11281563
**Components: STRUCTURE, UNKNOWN OR OTHER**
**NHTSA ID Number:** 11281563
**Incident Date** November 21, 2018
**Consumer Location** MANCHESTER, NH
**Vehicle Identification Number** 5N1AT2MV9FC****
**Summary of Complaint**
**CRASH**No
**FIRE**No
**INJURIES**0
**DEATHS**0
THE PASSENGER DOOR DOESN'T LATCH PROPERLY. WHENEVER SOMEONE LEANS ON THE DOOR, IT CAUSES THE WARNING LIGHTS AND THE INTERIOR LIGHTS TO TURN ON.THIS HAPPENS WHETHER OR NOT THE CAR IS IN MOTION. IT'S TERRIFYING.
**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ROGUE | 2015 |

**October 28, 2020** NHTSA ID NUMBER: 11366930
**Components: ELECTRICAL SYSTEM**
**NHTSA ID Number:** 11366930
**Incident Date** October 28, 2020
**Consumer Location** HOLLADAY, UT
**Vehicle Identification Number** KNMAT2MV3GP****
**Summary of Complaint**
**CRASH**No
**FIRE**No
**INJURIES**0
**DEATHS**0
2016 NISSAN ROGUE, I HAVE TAKEN IN TWICE FOR THE PASSENGER DOOR WARNING

13

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

LIGHT BEING ON, THAT THE DOOR IS OPEN , BUT THE DOOR IS CLOSED, THEY SAID THEY FIXED IT, THE FIRST TIME IT DID LAST LONG THEN 2 ,MONTHS AGO I TOOK IT IN AGAIN, THEY SAID THEY FIXED, BUT NOW IT IS BACK IN AGAIN 10/28/ 2020 AND IT IS GOING TO COST ME AGAIN FOR THEM LOOK AT IT, THIS IS WITH THE CAR IN MOTION GOING DOWN THE STREET

**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | ROGUE | 2016 |

December 6, 2020 NHTSA ID NUMBER: 11378146
**Components: UNKNOWN OR OTHER**
**NHTSA ID Number:** 11378146
**Incident Date** November 15, 2020
**Consumer Location** FORT MYERS, FL
**Vehicle Identification Number** KNMAT2MT3KP****
**Summary of Complaint**
CRASH**No**
FIRE**No**
INJURIES**0**
DEATHS**0**
FRONT DRIVER DOOR DOES NOT LOCK/UNLOCK WITHBUTTON ON REMOTE OR DOOR HANDLE OR INSIDE LOCK/UNLOCK BUTTON. HAS TO MANUALLY LOCK FROM INSIDE. FOR A WEEKS I WAS NOT AWARE THAT MY VEHICLE FRONT DRIVER DOOR WAS UNLOCK SINCE WITH REMOTE IT MAKES LOCK BEEP NOISE. DEALER SAYS IT WILL COST MORE THAN 100 DOLLAR TO JUST FIND PROBLEM. ITS JUST TWO YEAR OLD VEHICLE WITH 38000 MILES(JUST 2000 MORE MILES OVER WARRANTY). LOCAL MECHANIC SAYS ITS DOOR LOCK ACTUATOR THAT SHOULD NOT GO BAD WITHIN TWO YEAR, MUST BE FAULTY PART.

**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | ROGUE | 2019 |

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

**December 30, 2020** NHTSA ID NUMBER: 11385576
**Components: UNKNOWN OR OTHER**
**NHTSA ID Number:** 11385576
**Incident Date** December 27, 2020
**Consumer Location** LANCASTER, NY
**Vehicle Identification Number** JN8AS5MV1DW****
**Summary of Complaint**
CRASH**No**
FIRE**No**
INJURIES**0**
DEATHS**0**
CAR LOCKING MECHANISM FREEZES IN COLD WEATHER, MAKING IT IMPOSSIBLE TO OPEN DOOR DESPITE 'UNLOCKING' CAR. HAD THE ISSUE FIXED 2 YEARS AGO AND HAD TO HAVE IT FIXED AGAIN.
**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ROGUE | 2013 |

**February 19, 2021** NHTSA ID NUMBER: 11396924
**Components: ELECTRICAL SYSTEM**
**NHTSA ID Number:** 11396924
**Incident Date** October 14, 2020
**Consumer Location** LITHONIA, GA
**Vehicle Identification Number** KNMAT2MT6JP****
**Summary of Complaint**
CRASH**No**
FIRE**No**
INJURIES**0**
DEATHS**0**
When my vehicle is parked and turned off i am unable to lock or unlock it using the power button on the doors' exterior. My vehicle started doing this after a visit to a nissan dealership (2551 the nalley way, atlanta, ga 30360) for a simple oil change. I took it back the following day when the issue began and they told me they were not responsible and that it was a common issue of my front-door lock actuator failing and that it would have to be replaced. Feeling defeated after trying to reason with management that it was not having this issue before they serviced my vehicle, i decided to leave it alone. However, recently my niece and i were out shopping and noticed that we were being followed by a strange acting man. We took off running toward my vehicle trying to reach safety, but

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

what happens? The door lock actuator fails and i'm unable to enter my own vehicle! Our only saving grace was that another man in the parking lot noticed that we were trying to flea from danger and intervened to get the other man away from us. It was terrifying! I'm not sure what may have happened to my niece and i had he not stepped in and i hate to even think about it. Fast forward a few days and it begins to rain for days straight and i'm left fiddling with my keys to open my door, while also holding a purse, baby bag, and baby on my hip and trying to balance an umbrella to keep us dry. Imagine the sight of that. It's so frustrating! At first i thought that maybe my key battery was dying and decided to get the battery replaced before returning to the dealership but the battery was not the issue. I've never heard of door lock actuator failure and believe it to be a manufacturing error and safety hazard. I bought the 2018 nissan rogue because i loved my 2017 rogue and never experienced the issues that this newer model has given me. Boy was i wrong!!! Nissan should be held accountable!

**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ROGUE | 2018 |

March 2, 2022 **NHTSA ID NUMBER: 11454868**
**Components: ELECTRICAL SYSTEM**
**NHTSA ID Number:** 11454868
**Incident Date** March 1, 2022
**Consumer Location** FOREST HILLS, NY
**Vehicle Identification Number** 5N1AT2MV6FC****
**Summary of Complaint**
**CRASH** **No**
**FIRE** **No**
**INJURIES** **0**
**DEATHS** **0**
The contact owns a 2015 Nissan Rogue. The contact stated that while driving approximately 55 MPH, the vehicle lost motive power and stalled in the middle of the highway. The contact was able to restart the vehicle. The contact stated that the door locks would open automatically. There were no warning lights illuminated. The contact was able to drive to her destination. The vehicle was not diagnosed nor repaired. The contact had received notification of NHTSA Campaign Number: 22V024000 (Electrical System) and was concerned that the failure was due to the recall. The manufacturer was made aware of the failure and informed the contact that parts would be available sometime in March 2022. The failure mileage was not available. Parts distribution disconnect.

**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | ROGUE | 2015 |

March 11, 2022 NHTSA ID NUMBER: 11456326
**Components: ELECTRICAL SYSTEM**
NHTSA ID Number: **11456326**
Incident Date **January 11, 2022**
Consumer Location **CALUMET PARK, IL**
Vehicle Identification Number **knmat2mtxgp\*\*\*\***
**Summary of Complaint**
CRASH**No**
FIRE**No**
INJURIES**0**
DEATHS**0**
The contact owns a 2016 Nissan Rogue. The contact stated that the driver's side of the vehicle was experiencing electrical failures. The contact stated that the driver's side power window switch was intermittently inoperable. Additionally, an unknown warning light illuminated whenever she sat in the front driver's seat, causing the doors to lock and unlock independently. The contact received notification of NHTSA Campaign Number: 22V024000 (Electrical System) however, the part to do the recall repair was not yet available. The local dealer was contacted. The vehicle was not diagnosed or repaired. The contact stated that the manufacturer had exceeded a reasonable amount of time for the recall repair. The manufacturer was not made aware of the failure. The failure mileage was approximately 75,000. Parts distribution disconnect. - (RECALL RELATED INCIDENT) TS

1 Affected Product

**Vehicle**

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | ROGUE | 2016 |

March 24, 2022 NHTSA ID NUMBER: 11458262

**Components: ELECTRICAL SYSTEM, AIR BAGS**
**NHTSA ID Number:** 11458262
**Incident Date** February 9, 2022
**Consumer Location** ALBUQUERQUE, NM
**Vehicle Identification Number** JN8AT2MV0GW****
**Summary of Complaint**
CRASH**No**
FIRE**No**
INJURIES**0**
DEATHS**0**
My battery completely drained around 24,000 miles, my car just hit 31,000 miles. My air bag light stays on continuously, after this happened my drivers side window quit working, worked fine no noise or anything, then 1 minute later quit working. The lock, unlock button on the outside door handle quits working at times. The remote, key fob doesn't work all the time even after replacing the battery in it. At least 1 to 2 times a week my radio and navigation system won't come on when I start my cars, I have to turn off the car 2 to 3 times to get it to start working. Sometimes the power tailgate won't work for days at a time with the button inside the car. Sometimes the button to start the car does nothing, just have to keep trying. Random warning lights will come on while driving then just turn off. Sometimes both myself and others in the car smell something electrical burning. All of this started within a few days of each incident.
**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | ROGUE | 2016 |

August 7, 2022 NHTSA ID NUMBER: 11478072
**Components: ELECTRICAL SYSTEM**
**NHTSA ID Number:** 11478072
**Incident Date** August 1, 2022
**Consumer Location** PLANO, TX
**Vehicle Identification Number** KNMAT2MT3KP****
**Summary of Complaint**
CRASH**No**
FIRE**No**
INJURIES**0**
DEATHS**0**
When the driver side door reaches an internal temperature of over 100 degrees in direct sunlight, the actuator that controls the door lock will no longer function until the door

cools down. The problem is easily reproducible but I have not been to the dealer as of yet. There is no warning system I know of to indicate this problem. My only safety issue was trying to get into my car. I was forced to do it from the rear drivers door, reach in and manually unlock the front drivers door. The key will not turn the lock when this occurs. None of the other doors seem to be affected, but I have not tried to reproduce it with other doors.

**1 Affected Product**

**Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ROGUE | 2019 |

**August 23, 2022** NHTSA ID NUMBER: 11480879

**Components: ELECTRICAL SYSTEM, UNKNOWN OR OTHER, ENGINE**

**NHTSA ID Number:** 11480879

**Incident Date** August 7, 2022

**Consumer Location** CHILLICOTHE, OH

**Vehicle Identification Number** 5N1AT2MV0JC****

**Summary of Complaint**

**CRASH** **No**

**FIRE** **No**

**INJURIES** **0**

**DEATHS** **0**

Used key fob to unlock driver's door. Would not work. Used valet key. Started car, open drivers window and notice that nothing else in the cabin was operational. A/C would not turn on, could not put it in gear. Radio wouldn't function. The dash and console were dark. No message flashed. Couldn't exit the car as door wouldn't open. However, THE ENGINE CONTINUED TO RUN. Hung out open door to unlock with valet key. Called AAA, they couldn't stop engine from running and stated they weren't "authorized" to do anything else. Called Nissan emergency number and person came out and couldn't shut off engine and finally had to disconnect the alternator to stop car from running. After reconnecting the alternator, he could not start car. I called a tow truck the next morning and at that time, the car started. Nissan service garage couldn't replicate that problem except said that the actuator in the door had failed and needed replaced - but that wouldn't cause the other issues. They had car for over a week and could not replicate the problem of the car engine running while every other car function was not operational. The car has only 3824 miles on it although it is a 2018. This is a major safety issue. Contacted Nissan Customer Care Service. Since the problem wasn't replicated, they said they couldn't help. I feel unsafe and won't drive car due to no one being able to explain why that happened or whether it will happen again.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | ROGUE | 2018 |

**August 23, 2022** NHTSA ID NUMBER: 11480807
**Components: ELECTRICAL SYSTEM**
**NHTSA ID Number:** 11480807
**Incident Date** January 3, 2021
**Consumer Location** CHATTANOOGA, TN
**Vehicle Identification Number** JN8AS5MT7DW****
**Summary of Complaint**
**CRASH No**
**FIRE No**
**INJURIES 0**
**DEATHS 0**
The contact owns a 2013 Nissan Roque. The contact stated while driving approximately 30 MPH, there was an unknown noise coming from the driver's door. There were no warning lights illuminated. The contact pulled over safely, and there was a consistent locking sound coming from the vehicle. The contact stated that the vehicle was previously repaired under recall due to water leakage. The contact's friend drove the vehicle to the residence. The vehicle was then towed to the dealer and diagnosed. The dealer repaired the door lock, actuator, and door handle; however, the failure reoccurred. The manufacturer was notified of the failure. The approximate failure mileage was 32,775.

**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | ROGUE | 2013 |

**November 17, 2022** NHTSA ID NUMBER: 11493898
**Components: ELECTRICAL SYSTEM, UNKNOWN OR OTHER, ENGINE**
NHTSA ID Number: **11493898**
Incident Date **October 14, 2022**

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

Consumer Location **Unknown**
Vehicle Identification Number **KNMAT2MT6KP\*\*\*\***
**Summary of Complaint**
**CRASH**Yes
**FIRE**Yes
**INJURIES**3
**DEATHS**0

On October 14 2022 I was driving my vehicle at about 35mph and came suddenly upon a stop sign. I hit the brakes and skidded through the intersection and collided with a pick up truck going about 15 mph. My rogue immediately caught fire from under the hood and the doors wouldn't open. The person I collided with was the only person amongst a dozen people who was brave enough and cared enough about my life to ram his body repeatedly into the rear passenger window and yanked me out of the car. Within 10 seconds of him doing that the vehicle exploded. I almost lost my life from what would be considered a minor collision due to the unexplained fire and explosion

1 Affected Product
**Vehicle**

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | ROGUE | 2019 |

December 22, 2022 **NHTSA ID NUMBER: 11498615**
**Components: UNKNOWN OR OTHER**
**NHTSA ID Number:** 11498615
**Incident Date** November 19, 2022
**Consumer Location** ROSEDALE, NY
**Vehicle Identification Number** KNMAT2MV7KP\*\*\*\*
**Summary of Complaint**
**CRASH**No
**FIRE**No
**INJURIES**0
**DEATHS**0

A few weeks ago all four car doors locked up on the side of the road with my 5 month old infant inside. The key was in the ignition, the car was running, the heat was on and the radio was running. I had to contact the emergency line for assistance. I also had to break the driver side glass to have access to open the door to get the infant out .A week ago my unit just won't start even numerous jumps attempted. I unlocked the unit ti go inside to unlock the gas tank lid and the radio came on for at least 5 mins without the key being in the ignition.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ROGUE | 2019 |

<span style="color:blue">January 13, 2025</span> **NHTSA ID NUMBER: 11635650**
**Components: LATCHES/LOCKS/LINKAGES**
**NHTSA ID Number:** 11635650
**Incident Date** January 10, 2025
**Consumer Location** MILWAUKEE, WI
**Vehicle Identification Number** 5N1AT2MV5FC****
**Summary of Complaint**
**CRASH**No
**FIRE**No
**INJURIES**0
**DEATHS**0
The contact owns a 2015 Nissan Rogue. The contact stated that while driving at various speeds and occasionally while the vehicle was idling, the door locks would lock and unlock independently. The contact stated that all four doors were making a vibrating sound while driving. While driving at approximately 50 MPH, the driver's side rear door was able to be opened while the door was locked. The contact had to pull over to close the door. The message indicating that the trunk was ajar was displayed even though the trunk was closed and securely locked. The dealer had been informed of the failure. The vehicle had not been diagnosed or repaired. The manufacturer had not been informed of the failure. The failure mileage was 117,456.

**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ROGUE | 2015 |

## <u>NISSAN ALTIMA</u>

<span style="color:blue">April 24, 2020</span> **NHTSA ID NUMBER: 11322197**

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

**Components: UNKNOWN OR OTHER**
**NHTSA ID Number:** 11322197
**Incident Date** April 20, 2020
**Consumer Location** RIDGELAND, MS
**Vehicle Identification Number** 1N4AL3AP2GN****
**Summary of Complaint**
**CRASH** No
**FIRE** No
**INJURIES** 1
**DEATHS** 0
I HAVE A NISSAN ALTIMA, VIN#[XXX]-WHILE DRIVING THROUGH MY NEIGHBORHOOD-ALL 4 WINDOWS DOWN, MY ELDERLY MOTHER WAS IN THE BACK SEAT TAKING PICTURES OUT THE WINDOW WHILE OPEN AND THE DOOR OPENED BY ITSELF WHILE GOING AROUND CURVE AND FELL OUT. NO ONE TOUCHED THE LATCH. INFORMATION REDACTED PURSUANT TO THE FREEDOM OF INFORMATION ACT (FOIA), 5 U.S.C. 552(B)(6). *TR
**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ALTIMA | 2016 |

April 24, 2020 NHTSA ID NUMBER: 11322099
**Components: STRUCTURE**
**NHTSA ID Number:** 11322099
**Incident Date** March 15, 2019
**Consumer Location** CHICAGO, IL
**Vehicle Identification Number** 1N4AL3AP6GC****
**Summary of Complaint**
**CRASH** No
**FIRE** No
**INJURIES** 0
**DEATHS** 0
THE LATCH LOCK CABLE MAY NOT HVE BEEN ROUTED PROPERLY IN THE FRONT PASSENGER DOOR, WHENEVER LOWERING THE WINDOW THE FRONT PASSENGER DOOR TO UNLATCH AND INADVERTENTLY OPEN WHEN THE WINDOW IS LOWERED OR NOT. MOST OF THE TIMES YOU NEED TO CLOSE TWO OR THREE TIMES TO PROPERLY LOCK.
**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ALTIMA | 2016 |

**May 15, 2020** NHTSA ID NUMBER: 11324609
**Components: UNKNOWN OR OTHER**
**NHTSA ID Number:** 11324609
**Incident Date** March 1, 2019
**Consumer Location** MEXICO, MO
**Vehicle Identification Number** 1N4AL3AP1HC****
**Summary of Complaint**
**CRASH** No
**FIRE** No
**INJURIES** 0
**DEATHS** 0
THE FOB HAD STOPPED WORKING ONLY THING IT'S DOES IS START THE CAR NO
REMOTE START NOT UNLOCK DOORS. AFTER PAYING 200 FOR A NEW PHONE TO BE
PROGRAMMED NOT TO MUCH THE THOUSANDS OF DOLLARS I HAVE SPENT IN
GETTING LOCK OUT ASSISTANCE FOR LOCKING KEYS IN CAR A FOB IS EASILY LOST
WHEN IT HAD TO BE UNATTACHED FROM THE DOOR KEY ITSELF. *TR
**1 Affected Product**
*Vehicle*

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ALTIMA | 2017 |

**May 22, 2020** NHTSA ID NUMBER: 11325521
**Components: STRUCTURE, EQUIPMENT**
**NHTSA ID Number:** 11325521
**Incident Date** June 30, 2019
**Consumer Location** MOUNT PLEASANT, SC
**Vehicle Identification Number** 1N4AL3AP3HN****
**Summary of Complaint**
**CRASH** No
**FIRE** No

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

**INJURIES**0

**DEATHS**0

THE REAR PASSENGER DOOR CAN'T BE OPENED FROM THE INSIDE. CABLING CAME LOOSE FROM THE HANDLE APPARENTLY. DOOR IS ABLE TO BE OPEN FROM THE OUTSIDE. IT WAS LIKE THE CHILD SAFETY LOCK WAS ON. ALSO THE FRONT FLOOR MAT EYE HOOK RING TORE AWAY FROM THE FLOOR MAT ALLOWING IT TO MOVE UP UNDER THE GAS AND BREAK PEDAL. *TR

**1 Affected Product**

**Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ALTIMA | 2017 |

June 1, 2020 NHTSA ID NUMBER: 11326806

**Components: ELECTRICAL SYSTEM, STRUCTURE**

**NHTSA ID Number:** 11326806

**Incident Date** March 17, 2020

**Consumer Location** BROWNS SUMMIT, NC

**Vehicle Identification Number** 1N4BL4CV4KC****

**Summary of Complaint**

**CRASH**No

**FIRE**No

**INJURIES**0

**DEATHS**0

MY DOORS ARE NOT LOCKING OR UNLOCKING... KEY FOB, INTERIOR SWITCH, AND ACTUAL KEY WORKS SOMETIMES BUT NEVER AT THE SAME TIME! *TR

**1 Affected Product**

*Vehicle*

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ALTIMA | 2019 |

July 23, 2020 NHTSA ID NUMBER: 11341084

**Components: ELECTRICAL SYSTEM, UNKNOWN OR OTHER**

**NHTSA ID Number:** 11341084

**Incident Date** June 30, 2020

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

**Consumer Location** AMITYVILLE, NY
**Vehicle Identification Number** 1N4AL3AP1HN****
**Summary of Complaint**
CRASHNo
FIRENo
INJURIES0
DEATHS0
DRIVER SIDE REAR DOOR WONT LOCK AS WELL AS WINDOW DOES NOT GO DOWN ALL
THE WAY.
**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | ALTIMA | 2017 |

August 24, 2020 NHTSA ID NUMBER: 11351011
**Components: LATCHES/LOCKS/LINKAGES**
**NHTSA ID Number:** 11351011
**Incident Date** April 1, 2019
**Consumer Location** CARY, NC
**Vehicle Identification Number** 1N4AL3AP7EC****
**Summary of Complaint**
CRASHNo
FIRENo
INJURIES0
DEATHS0
TL* THE CONTACT OWNS A 2014 NISSAN ALTIMA. THE CONTACT STATED THAT THE
FRONT DRIVER'S AND FRONT PASSENGER'S SIDE DOOR LATCHES BECAME DEFECTIVE
AND NEEDED TO BE REPLACED. THE CONTACT HAD TAKEN THE VEHICLE TO FRED
ANDERSON NISSAN OF RALEIGH (9225 GLENWOOD AVE, RALEIGH, NC 27617) TWICE
TO HAVE BOTH DOOR LATCHES REPLACED UNDER WARRANTY. THE CONTACT
STATED THAT THE DEALER ACKNOWLEDGED THAT THERE WAS A FAILURE WITH THE
DOOR LATCHES HOWEVER, A RECALL WAS NOT PLACED ON THE VEHICLE FOR THE
DOOR LATCHES. A MECHANIC EXPLAINED TO THE CONTACT THAT THE TWO CLIPS
INSIDE THE DOOR LOOSENED OVER TIME WHICH CAUSED THE DOOR LATCHES TO
BECOME DEFECTIVE. THE MANUFACTURER HAD YET TO BE NOTIFIED OF THE FAILURE.
THE VEHICLE WAS REPAIRED. THE FAILURE MILEAGE WAS APPROXIMATELY
60,000.*DT*JB
**1 Affected Product**
**Vehicle**

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ALTIMA | 2014 |

**September 11, 2020 NHTSA ID NUMBER: 11354484**
**Components: UNKNOWN OR OTHER**
**NHTSA ID Number:** 11354484
**Incident Date** September 11, 2020
**Consumer Location** SOUTH GATE, CA
**Vehicle Identification Number** 1N4AL3AP7DN****
**Summary of Complaint**
**CRASH**No
**FIRE**No
**INJURIES**0
**DEATHS**0
ALL INTERIOR DOOR LATCHES DO NOT FUNCTION PROPERLY. DOORS DO NOT OPEN FROM THE INSIDE. A SERIOUS SAFETY DEFECT.
**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ALTIMA | 2013 |

**December 9, 2020 NHTSA ID NUMBER: 11378666**
**Components: UNKNOWN OR OTHER**
**NHTSA ID Number:** 11378666
**Incident Date** November 13, 2020
**Consumer Location** COACHELLA, CA
**Vehicle Identification Number** 1N4BL4CV7KC****
**Summary of Complaint**
**CRASH**No
**FIRE**No
**INJURIES**0
**DEATHS**0
MY REAR DOORS WON'T UNLOCK OR LOCK USING THE KEY FOB OR PRESSING THE

27

UNLOCK/LOCK BUTTON ON MY DOOR. I HAVE TO MANUALLY LOCK IT OR UNLOCK IT. THIS HAPPENED OUT OF NOWHERE. I CHECKED THE FUSE BOX BUT ALL FUSES ARE GOOD.

**1 Affected Product Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ALTIMA | 2019 |

**May 5, 2021** NHTSA ID NUMBER: 11415293

**Components: UNKNOWN OR OTHER**

**NHTSA ID Number:** 11415293

**Incident Date** April 24, 2021

**Consumer Location** FRANKLIN, NC

**Vehicle Identification Number** 1N4BL3AP9DC****

**Summary of Complaint**

**CRASH** No

**FIRE** No

**INJURIES** 0

**DEATHS** 0

THE PASSENGER SIDE DOOR HANDLE WILL NOT OPEN THE DOOR, I HEARD AND FELT A CRACK WHEN TRYING TO GET OUT OF THE VEHICLE. YOU HAVE TO OPEN BY USING THE OUTSIDE DOOR HANDLE. IF THIS CAR WAS TOO BE IN AN ACCIDENT THE PASSENGER COULD BECOME TRAPPED INSIDE. THIS HAPPEN WHILE PARKED.

**1 Affected Product Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ALTIMA | 2013 |

**May 17, 2021** NHTSA ID NUMBER: 11417522

**Components: UNKNOWN OR OTHER, ENGINE**

**NHTSA ID Number:** 11417522

**Incident Date** May 3, 2021

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

**Consumer Location** AURORA, CO
**Vehicle Identification Number** 1N4BL4BV2KC****
**Summary of Complaint**
**CRASH** No
**FIRE** No
**INJURIES** 0
**DEATHS** 0

The Check engine light came on and I took it to Nissan dealer. My car is at 39,000 mileage. On the previous Nissan Altima (2016) I had, the same thing happened while I was driving from Minnesota to Louisville. We almost crashed at Chicago due to some engine issue. When I arrived to Louisville, KY, I stopped by Nissan dealership and ask them what happen and they told me it will take up to two weeks to fix but recommended to get a new vehicle. I had no choice but to change to a new 2019 Nissan. Now the same thing is happening to this new Nissan Altima and Nissan is not willing to fix the issue without charge. This is very frustrating. I been having issue with the door not unlocking with a remote and they fixed it once and now I have the same issue they are willing to fix again. But My main concern is not the door but the engine light they refuse to fix. Please help.

**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ALTIMA | 2019 |

August 20, 2021 NHTSA ID NUMBER: 11429819
**Components: UNKNOWN OR OTHER**
NHTSA ID Number: **11429819**
Incident Date **August 19, 2021**
Consumer Location **GAINESVILLE, GA**
Vehicle Identification Number **1N4AL3AP9GC****
**Summary of Complaint**
**CRASH** No
**FIRE** No
**INJURIES** 0
**DEATHS** 0

I was driving the car was driving fine. No indicator lights came on to warn me. I drove to my cousin house. And when I turned the car off my doors didn't unlock like they usually do. I tried to turn the car back on I wouldn't do anything. The whole time my windows was up. I was stuck in the car . I had to climb out through my trunk.s That is dangerous.
1 Affected Product

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

Class Action Complaint

## Vehicle

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | ALTIMA | 2016 |

**August 28, 2021** NHTSA ID NUMBER: 11430824
**Components: POWER TRAIN, ENGINE**
**NHTSA ID Number:** 11430824
**Incident Date** August 2, 2021
**Consumer Location** NORTH FAIRFIELD, OH
**Vehicle Identification Number** 1N4AL3AP5DC****
**Summary of Complaint**
**CRASH**No
**FIRE**No
**INJURIES**0
**DEATHS**0
my car over heats passenger door wont open from the inside its a latch issue ive told the
dealer ship in mansfield and they done nothing about it front suspenction has issues still
dealer does nothing about it every since they did the recall update with programing my
car its like my tranny slips and jerks
**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | ALTIMA | 2013 |

**September 18, 2021** NHTSA ID NUMBER: 11433434
**Components: STRUCTURE**
**NHTSA ID Number:** 11433434
**Incident Date** September 17, 2021
**Consumer Location** BALTIMORE, MD
**Vehicle Identification Number** 1N4AL3AP4EC****
**Summary of Complaint**
**CRASH**No
**FIRE**No

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

**INJURIES** 0
**DEATHS** 0

I parked my car, I tried to exit my automobile. The front driver side door would not open, the handle being very loose. I had to climb over the console and exit the passenger side of the auto. At 82 years of age, this maneuver was something certainly not expected. After exiting the car, I tried the driver side door from the outside, the door opened. I drove the car to the Nissan service center. The service employee said that he has seen this happen about 3 or 4 times and that it was a poorly designed This interior. He quoted me a price of $500 to $600 to fix the problem. I would hate to think of my husband who has arthritis as well as circulatory problems being in this situation. God forbid if someone had to exit the car in an emergency. I wouldn't want to think of being trapped in this vehicle if an emergency exit was warranted.

**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ALTIMA | 2014 |

January 25, 2022 **NHTSA ID NUMBER: 11448805**
**Components: STRUCTURE, LATCHES/LOCKS/LINKAGES**
**NHTSA ID Number:** 11448805
**Incident Date** January 24, 2022
**Consumer Location** TERRE HAUTE, IN
**Vehicle Identification Number** 1N4BL4EV0MN****
**Summary of Complaint**
**CRASH** No
**FIRE** No
**INJURIES** 0
**DEATHS** 0

The contact rented a 2021 Nissan Altima. The contact stated that the driver's side door was locked and failed to open with the door handle or the key fob. The contact was able to exit the vehicle through the passenger's side window. The contact was also unable to open the door from the outside. The contact had to use the key to unlock the door. The contact called the local dealer, but the vehicle was not diagnosed or repaired. The manufacturer was not contacted. The failure mileage was approximately 2,000.

**1 Affected Product**
**Vehicle**

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ALTIMA | 2021 |

February 26, 2022 NHTSA ID NUMBER: 11454283
**Components: UNKNOWN OR OTHER**
**NHTSA ID Number:** 11454283
**Incident Date** February 26, 2022
**Consumer Location** MONROE, LA
**Vehicle Identification Number** 1N4AL3AP7GN****
**Summary of Complaint**
**CRASH** No
**FIRE** No
**INJURIES** 0
**DEATHS** 0
My door locks all failed and do not lock when I get to speed or at all. My previous Nissan Altima was a 2011 Model and I had the same issues with multiple actuators replaced that failed to solve the problem. This is an obvious defect that was not fixed in at least Models 2011-2016. I feel this is a safety risk when doors will not lock when driving and also a safety risk when someone jumps in your car when you thought doors were locked. I actually had people jump in my car trying to get money multiple times hthat put me at risk and this is a problem that should be fixed by Nissan at no charge for all consumers between these year models for failing to fix obvious defective locks.
**1 Affected Product**
**Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | ALTIMA | 2016 |

May 26, 2023 NHTSA ID NUMBER: 11524064
**Components: ELECTRICAL SYSTEM**
**NHTSA ID Number:** 11524064
**Incident Date** July 1, 2021
**Consumer Location** Unknown
**Vehicle Identification Number** 1N4BL4CV8KC****

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

**Summary of Complaint**

**CRASH** No

**FIRE** No

**INJURIES** 0

**DEATHS** 0

All Door Lock Actuators. This is available for inspection. The safety of myself and passengers is at risk due to not being able to unlock and lock my vehicle at any given time. This is a security risk for any occupants in the event of needing to quickly lock doors or unlock in the event of an emergency. This also puts my vehicle at risk of theft and being stolen. The door actuators will not activate from the remote key or the unlock/lock buttons inside the vehicle. Yes, I had Jim Johnson Nissan (Bowling Green, KY) look at the problem and they confirmed and quoted me for this. No, it has not been inspected by the manufacturer. There was no warning to the problem. The first door actuator failed at around 50,000 miles (2021) and progressed to all door actuators failing. This problem is reoccurring in this model of the Nissan Altima

**1 Affected Product**

**Vehicle**

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | ALTIMA | 2019 |

## NISSAN SENTRA

April 21, 2021 **NHTSA ID NUMBER:** 11413250

**Components: STRUCTURE**

**NHTSA ID Number:** 11413250

**Incident Date** November 23, 2020

**Consumer Location** AUSTIN, TX

**Vehicle Identification Number** 3N1AB7APXFY****

**Summary of Complaint**

**CRASH** No

**FIRE** No

**INJURIES** 0

**DEATHS** 0

WHEN DRIVING THE PASSENGER SIDE DOOR WON'T LATCH CORRECTLY. WHEN DRIVING AT A SPEED OF 45-60 MPH YOU CAN HEAR A NOISE LIKE AIR IS COMING INSIDE THE CAR. ESPECIALLY ON A VERY WINDY DAY THE NOISE IS LOUDER AND IT FEELS LIKE THE DOOR WILL OPEN.

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

**1 Affected Product**
*Vehicle*

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | SENTRA | 2015 |

October 20, 2021 NHTSA ID NUMBER: 11437550
**Components: LATCHES/LOCKS/LINKAGES**
**NHTSA ID Number:** 11437550
**Incident Date** August 20, 2021
**Consumer Location** TAVERNIER, FL
**Vehicle Identification Number** 3N1AB7AP0FL****
**Summary of Complaint**
**CRASHNo**
**FIRENo**
**INJURIES0**
**DEATHS0**
The contact owns a 2015 Nissan Sentra. The contact stated while his wife was driving 30 MPH, the driver's side door inadvertently opened. There was no warning light illuminated. The contact's wife veered to the side of the road, locked the driver's side door, and continued to drive the vehicle. The contact also stated that the driver's side door would not totally latch upon closing. Additionally, the door handles were fractured, preventing them from easily accessing the vehicle. The vehicle was taken to the dealer who diagnosed that the door handles needed to be replaced. The contact referenced NHTSA Campaign Number: 15V453000 (Latches/Locks/Linkages). The manufacturer was notified of the failure but provided no assistance because the vehicle was not included in the recall. The manufacturer opened a case. The vehicle was not repaired. The approximate failure mileage was 42,000.

**1 Affected Product**
*Vehicle*

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | SENTRA | 2015 |

October 28, 2021 NHTSA ID NUMBER: 11438459
**Components: ELECTRICAL SYSTEM**

**NHTSA ID Number:** 11438459
**Incident Date** October 28, 2021
**Consumer Location** CLAYTON, NC
**Vehicle Identification Number** 3N1AB7AP2GY****
**Summary of Complaint**
**CRASH** No
**FIRE** No
**INJURIES** 0
**DEATHS** 0

In the event of an accident this vehicle doors will not open until the key is in the off position and removed from the ignition. You cannot exit the vehicle doors at any time when the motor is running or the key is still in the ignition. Death trap !

**1 Affected Product**
*Vehicle*

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | SENTRA | 2016 |

February 2, 2022 NHTSA ID NUMBER: 11449922
**Components: LATCHES/LOCKS/LINKAGES**
**NHTSA ID Number:** 11449922
**Incident Date** January 30, 2022
**Consumer Location** VIRGINIA BEACH, VA
**Vehicle Identification Number** 3N1AB8BV6LY****
**Summary of Complaint**
**CRASH** No
**FIRE** No
**INJURIES** 0
**DEATHS** 0

The contact owns a 2020 Nissan Sentra. The contact stated that while driving at speeds above 15 mph the rear passenger side child safety lock did not activate and the 9-year-old grandchild was able to open the rear passenger side door. The cause of the failure was not determined. The local dealer was notified of the failure. The contact indicated that the rear driver-side door was serviced previously for the same failure. The manufacturer was not contacted. The failure mileage was 39,800.

**1 Affected Product**

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   F: (213) 788-4070   |   clarksonlawfirm.com

*Vehicle*

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | SENTRA | 2020 |

March 14, 2022 NHTSA ID NUMBER: 11456597
**Components: ELECTRICAL SYSTEM, UNKNOWN OR OTHER, SERVICE BRAKES**
NHTSA ID Number: **11456597**
Incident Date **March 12, 2022**
Consumer Location **MANSFIELD, TX**
Vehicle Identification Number **3N1AB8DV5LY\*\*\*\***
**Summary of Complaint**
CRASH**No**
FIRE**No**
INJURIES**0**
DEATHS**0**
Locks on doors would not work with remote, and to get out keys to get fixed. When to Nissan 2 times for them to fix. Dark at night could not get in car safely. No warning signs Windows would not go up or down, had to get windows fixed, due to rain can hinder my vison while driving. No warnings, Nissan fixed after going back two times Back up Camera had to be replaced or fixed. Car would not start. Said it was a break lamp sensor, which was recalled on 2019 and prior Nissan Sentra's. I have a 2020 no recall yet No incident has happened yet, but could cause grave danger if not fixed! This whole car needs to be recalled!
1 Affected Product

**Vehicle**

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | SENTRA | 2020 |

May 1, 2022 NHTSA ID NUMBER: 11462928
**Components: ELECTRICAL SYSTEM, UNKNOWN OR OTHER**
NHTSA ID Number: **11462928**
Incident Date **April 27, 2022**

36

Consumer Location **LONGVIEW, TX**
Vehicle Identification Number **3N1AB8DVXLY****
**Summary of Complaint**
CRASH**No**
FIRE**No**
INJURIES**0**
DEATHS**0**
The radio will turn it volume up own its own and the doors will lock you in the car and sometimes will not let you unlock the doors from inside or outside.
<u>1 Affected Product</u>

| <u>**Vehicle**</u> | | |
| MAKE | MODEL | YEAR |
| NISSAN | SENTRA | 2020 |

May 24, 2022 **NHTSA ID NUMBER: 11465868**
**Components: STEERING, SERVICE BRAKES**
NHTSA ID Number: **11465868**
Incident Date **May 16, 2022**
Consumer Location **RALEIGH, NC**
Vehicle Identification Number **N/A**
**Summary of Complaint**
CRASH**No**
FIRE**No**
INJURIES**1**
DEATHS**0**
The contact rented a 2016 Nissan Sentra with Turo. The contact stated while driving approximately 60 mph, she heard an abnormal noise before the steering wheel and brakes seized. The contact stated the air bag warning light was illuminated before. The contact stated the vehicle steered independently out of control and drove through bushes and trees. The contact stated she ended up on the opposite side of the road and with the side air bags deployed but the driver's side air bag did not deploy. The contact stated she hit her head on the windshield and was unconscious when the paramedics assisted her. The contact stated she was a bit banged and bruised up. The contact refused to seek medical attention at a hospital. The contact stated the driver's side door was unable to unlatch and needed assistance from the paramedics to exit the vehicle. A police report was filed. The vehicle was not drivable. The vehicle was towed to towing lot. The contact called the Turo call center and made them aware of the failure. The vehicle was not diagnosed or repaired. A dealer was not contacted. The manufacturer had not been informed of the failure. The failure mileage was unknown. The VIN was not available.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

<u>1 Affected Product</u>
Vehicle

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | SENTRA | 2016 |

November 17, 2022 NHTSA ID NUMBER: 11493985
**Components: STRUCTURE**
NHTSA ID Number: **11493985**
Incident Date **November 4, 2022**
Consumer Location **BUENA PARK, CA**
Vehicle Identification Number **3n1ab8cv5ly****
**Summary of Complaint**
CRASH**No**
FIRE**No**
INJURIES**0**
DEATHS**0**
1) The front passenger door will not open. This is a recurring problem and I have experienced it four times already. 2) CVT Malfunction warning is persistent. CVT resets when the engine is turned off and comes back on after about 10 to 15 minutes after the engine is started again, which creates a problem when you come to a complete stop. The transmission does not immediately get in gear and there is a very slow start-up in moving forward. The "ECO" engaged by itself and this problem started when I disengaged the "ECO" when I was headed up a hill. The problem with the "ECO" is intermittent. I took the car to a private mechanic and they did not have enough information from Nissan to correct this problem. I contacted Kimmel- Silverman, Lemon Law Attorney, and was told that Nissan was aware of the problem and has not issued a recall, as of this moment.

<u>1 Affected Product</u>
Vehicle

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | SENTRA | 2020 |

December 29, 2022 NHTSA ID NUMBER: 11499302
**Components: ELECTRICAL SYSTEM**
NHTSA ID Number: **11499302**

Incident Date **December 21, 2022**
Consumer Location **HILLSBORO, AL**
Vehicle Identification Number **3N1AB8CV9LY\*\*\*\***
**Summary of Complaint**
CRASH**No**
FIRE**No**
INJURIES**0**
DEATHS**0**
The back door lock actuators does not lock automatic or not work at all with fob you have to manual lock the door from the inside button it does not lock when the car reach a certain speed my child open the door going down road and i just happen to see it when he did these need to be looked at before someone child gets hurt the lock does not work at all remotely or when it going certain speed
1 Affected Product

**Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | SENTRA | 2020 |

March 9, 2023 **NHTSA ID NUMBER: 11510976**
**Components: LATCHES/LOCKS/LINKAGES**
NHTSA ID Number: **11510976**
Incident Date **January 1, 2023**
Consumer Location **Unknown**
Vehicle Identification Number **3N1AB7AP9FY\*\*\*\***
**Summary of Complaint**
CRASH**No**
FIRE**No**
INJURIES**0**
DEATHS**0**
The contact owns a 2015 Nissan Sentra. The contact stated all four door locks would unlatch independently and the door ajar chime would be activated. The contact stated there was no warning light illuminated. The contact called the local dealer and made them aware of the failure. The vehicle was not diagnosed or repaired. The manufacturer had not been informed of the failure. The failure mileage was approximately 38,000.
1 Affected Product

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   F: (213) 788-4070   |   clarksonlawfirm.com

## Vehicle

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | SENTRA | 2015 |

April 20, 2023 NHTSA ID NUMBER: 11518142
**Components: SUSPENSION**
NHTSA ID Number: **11518142**
Incident Date **April 7, 2023**
Consumer Location **HEMET, CA**
Vehicle Identification Number **3N1AB7AP2HY****
**Summary of Complaint**
**CRASH**No
**FIRE**Yes
**INJURIES**0
**DEATHS**0
MY NAME IS [XXX] I HAD A NISSAN SENTRA 2017 MY CAR MALFUCTIONED THE DOORS HAD LOCKED ON MY I WAS FINALLY ABLE TO EXIT THE CAR BUT MY CAR WENT UP IN FLAMES WAS A TOTAL LOSS. SOMEONE PLEASE CALL ME I NEED ANSWERS AND HELP INFORMATION Redacted PURSUANT TO THE FREEDOM OF INFORMATION ACT (FOIA), 5 U.S.C. 552(B)(6).
1 Affected Product

## Vehicle

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | SENTRA | 2017 |

September 4, 2023 NHTSA ID NUMBER: 11542463
**Components: SEAT BELTS, STRUCTURE, SEATS**
NHTSA ID Number: **11542463**
Incident Date **February 10, 2023**
Consumer Location **OAK RIDGE, NJ**
Vehicle Identification Number **3N1AB7AP9HY****
**Summary of Complaint**
**CRASH**No
**FIRE**No

40

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

**INJURIES**0

**DEATHS**0

My driver door opens while i'm driving, the first time it happened in feb 2023 had i not have my seatbelt on I would have fell out of car. It has happened severals more times, it feels like the lock or the pin is not engaging. Now my front passenger door is starting as well. I contacted Nissan Consumer affairs the woman was arrogant with No concern over my safety, maybe it's a defective door or lock or something and the mgr [XXX] said nissan can't help me, I asked a question if this fell under the NJ lemon law and she said no. I also complained that a dealer will not fix my stop light recall PM971 -21V-135 They put me on a waiting list 1 yr ago, I merely asked if this caused an accident what would happen? She sent me an email stating this I should have my attorney contact them. I never even mentioned an attorney and when I asked for the transcript of our conversation she said she cannot release it to me, I asked if she had one and she said yes.. Why wouldn't they release a convo I had with them, can it be used against them? My Life is Not there concern, I have had nissans for over 40 years with no issues, i have an issue now and they merely shrugged it off. I would like help regarding these matters as Nissan refuses to help with the safety of my being and to save a buck!! Please contact me asap the doors are a major concern INFORMATION REDACTED PURSUANT TO THE FREEDOM OF INFORMATION ACT (FOIA), 5 **U.S.C. 552(B)(6)**

1 Affected Product

**Vehicle**

| MAKE | MODEL | YEAR |
|------|-------|------|
| NISSAN | SENTRA | 2017 |

October 25, 2023 NHTSA ID NUMBER: 11551844

**Components: ELECTRICAL SYSTEM**

NHTSA ID Number: **11551844**

Incident Date **September 25, 2023**

Consumer Location **EVERETT, MA**

Vehicle Identification Number **3N1AB8DV2LY****

**Summary of Complaint**

**CRASH**No

**FIRE**No

**INJURIES**0

**DEATHS**0

I am writing to bring to your attention a critical issue regarding the recent malfunction of the actuator system in my 2020 Nissan Sentra. As a concerned consumer, I am compelled to report the circumstances that have led to significant safety concerns and financial burden. The details of this case are as follows: Vehicle Information: 2020

Nissan Sentra with approximately 43,000 miles. Initial Observation: It was discovered post-warranty that the car's locking mechanism was not functioning correctly. While I had assumed that the vehicle was locking upon using the key fob, it was only recently brought to my attention that this was not the case. Diagnostic Evaluation: Upon consulting a Nissan dealership, it was determined that the Actuator of the driver's door was defective and required immediate replacement. I consented to the suggested repair, which incurred an unexpected cost of $750. Unforeseen Complications: Following the initial repair, I was informed that the remaining actuators would also require replacement, posing an exorbitant additional financial burden. This development led to a grave concern as the sudden failure of all four actuators within a short span indicates a potential systemic issue rather than an isolated incident. Communication with Nissan: A formal request was made to Nissan for a thorough review of my case, under the reference number #49629281. However, despite the seriousness of the matter, I have yet to receive any substantial response or acknowledgement from Nissan, even after a waiting period of nearly two months. Considering the potential safety hazards and the unjustifiable financial strain imposed on me as a consumer, it is imperative that this matter is investigated further. The concurrent failure of all four actuators in a relatively new vehicle strongly suggests the possibility of an underlying electrical fault or a systemic defect in the manufacturing process.

1 Affected Product

**Vehicle**

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | SENTRA | 2020 |

January 28, 2025 **NHTSA ID NUMBER: 11639223**
**Components: POWER TRAIN, ELECTRICAL SYSTEM, ENGINE**
**NHTSA ID Number:** 11639223
**Incident Date** January 28, 2025
**Consumer Location** Unknown
**Vehicle Identification Number** 3N1AB8BV6RY****
**Summary of Complaint**
CRASH**No**
FIRE**No**
INJURIES**0**
DEATHS**0**
Started having problems within first two months of purchase, bought new in April 24. Charge ports stopped working. Also reported to dealer electric burn smell. Hesitate to start/stop with push button. Feels like loses power while driving. Rpms revs unexpectedly. Almost wrecked a few times due to this. Happens during continuous

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

driving, not stop and go traffic. Sometimes when put in park, it will jerk hard. Sometimes when put in park and turn off, doors don't unlock automatically. Car will jerk when starting at times. Forward collision light comes on often. Sounds like front rotors or something in the front rubs while driving. Auto engine off/on sometimes doesn't work. The first time I took it to the dealer, they didn't record their visual inspection. They blamed a lot of stuff on rodent nests. The second time I took it to the dealership, I made it a point to have the visual inspection recorded and sent to me. Surprise, no rodent nests found! Both inspections were completed in less than two hours even though I told them I could stay as long as needed. Since then, the burning smell has worsened.

**1 Affected Product**

*Vehicle*

| MAKE | MODEL | YEAR |
| --- | --- | --- |
| NISSAN | SENTRA | 2024 |

### 3.    Technical Service Bulletins

45.    Technical Service Bulletins (TSBs) are documents created by manufacturers to provide authorized repair technicians with detailed information about specific mechanical problems and their solutions. Automobile manufacturers, including Nissan, create TSBs when they identify patterns of similar repair issues across their products. Nissan does not directly distribute TSBs to its customers.

46.    Instead of addressing Door Lock Defect, Nissan—undoubtedly motivated by cost saving measures—has implemented a fragmented strategy to address complaints of the Door Lock Defect, issuing various TSBs and an inadequate 2015 recall. However, as demonstrated by the growing number of complaints filed with NHTSA and continuation of these services bulletins, these measures have failed to resolve the fundamental root cause of the Door Lock Defect, cover the cost of necessary repairs, and inform customers of the ongoing safety problem.

47.    Following its inadequate 2015 recall, Nissan has issued two TSBs regarding the door lock defect, further evidencing their knowledge of the problem affecting the Class Vehicles. These TSBs consistently describe owner reports of similar door lock failure patterns across all three Class

Vehicle models—specifically, doors that are difficult to close/latch and doors that fail to open or unlock properly.

a.    September 27, 2016, TSB No. NTB16-092

48.    In September 2016, Nissan quietly attempted to address the door lock actuator problem again—this time in a broader set of vehicles, including the 2013-2016 Nissan Rogue and 2013-2016 Nissan Altima—by discreetly issuing a technical service bulletin to its service technicians. Rather than relying on the same limited manufacturing problem it had cited in its 2015 recall, Nissan attributed the issue to severe weather conditions—describing the door lock actuator malfunction in their TSB as one that made "doors difficult to close with temperature below freezing."[10] Instead of informing customers of this problem, Nissan secretly instructed service departments to replace the door lock actuators on the vehicles identified in the September 2016 TSB only if customers specifically mentioned that their vehicle had been sitting (not running) in temperatures below 14°F (-10°C) for an extended period (such as overnight). Otherwise, dealers were instructed not to replace door lock actuators automatically.

49.    This restrictive approach to addressing the issue, despite expanding the affected vehicle list, further indicates that Nissan was well aware of widespread door lock actuator failures across these years and models of the Class Vehicles. By implementing such narrow qualification criteria for warranty repairs, Nissan appeared to be deliberately attempting to minimize its warranty repair costs despite knowing the defect affected vehicles under a much broader range of conditions than those specified in the TSB.

b.    December 12, 2022, TSB No. NTB22-104

50.    In December 2022, Nissan quietly issued another TSB to dealer service departments outlining a comprehensive diagnostic procedure for door lock operation issues affecting 2021-2023

---

[10] Exhibit 3, Nissan North America, Inc., Technical Bulletin: Nissan; Doors Difficult to Close with Temperature Below Freezing, NTB16-092 (Sept. 27, 2016).

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

Altima, Rogue, Sentra, and other Nissan models.[11] The bulletin outlined a detailed step-by-step troubleshooting process for technicians to diagnose various door lock concerns including doors that won't open/close, stick in half-lock position, or have electrical issues, thereby evidencing Nissan's and its dealerships' continued and ongoing receipt of widespread customer complaints of door lock malfunctions in the Class Vehicles.

51.     Together, the foregoing safety recall, NHTSA complaints, and TSBs evidence the ongoing and widespread nature of the Door Lock Defect, which Nissan until this day has failed to disclose to Plaintiff and the Class.

**4.     Warranty Repairs and Customer Complaints to Nissan**

52.     Moreover, Nissan knew about the Door Lock Defect because its customer relations department, which interacts with Nissan-authorized service technicians in order to identify potentially widespread vehicle problems and assist in diagnosing vehicle issues, has received numerous reports that the Door Lock Defect causes a failure of the Class Vehicles' doors to lock and unlock.

53.     Nissan's customer relations department also collects and analyzes field data including, but not limited to, repair requests made at dealerships and service centers, technical reports prepared by engineers that have reviewed vehicles for which warranty coverage is requested, parts sales reports, and warranty claims data.

54.     Nissan's warranty department similarly reviews and analyzes warranty data submitted by its dealerships and authorized technicians to identify defect trends in its vehicles. Nissan dictates that when a repair is made under warranty (or warranty coverage is requested), service centers must provide Nissan with detailed documentation. Nissan also requires service centers to save broken parts from completed repairs, in case Nissan audits the dealership or otherwise acts to verify the warranty repair. Because Nissan withholds payment for warranty repairs if the complaint, cause,

---

[11] Exhibit 4, Nissan Group of the Americas, Technical Service Bulletin: Diagnosing Door Lock Operation, NTB22-104 (Dec. 12, 2022).

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   F: (213) 788-4070   |   clarksonlawfirm.com

and correction are not sufficiently described, service centers are meticulous in maintaining and providing this detailed information.

55.     Nissan also monitors the internet for complaints similar in substance to those quoted above. Nissan's customer relations department routinely monitors the internet for customer complaints, and on information and belief, Nissan has retained the services of third-parties to do the same. Further, Nissan's customer relations division regularly receives and responds to customer calls concerning, inter alia, product defects.

56.     Through the foregoing sources, Nissan was made aware of the Door Lock Defect before Plaintiff purchased her Class Vehicle.

## V.     TOLLING OF STATUTES OF LIMITATIONS

### A.     Discovery Rule

57.     Nissan's knowing and active concealment and denial of the facts alleged  act to toll any applicable statute(s) of limitations. Plaintiff and other Class members could not have reasonably discovered the true, latent nature of the Door Lock Defect until shortly before commencing this class-action litigation.

58.     Plaintiff and Class members had no realistic ability to discover the presence of the Door Lock Defect in the Class Vehicles within the applicable statute of limitations and could not have discovered through the exercise of reasonable diligence that Nissan was concealing the Door Lock Defect in the Class Vehicles, or misrepresenting the safety, quality and reliability of the Class Vehicles.

### B.     Fraudulent Concealment

59.     All applicable statutes of limitation have also been tolled by Nissan's knowing, active and ongoing fraudulent concealment of the facts alleged herein – for over a decade Nissan knew of the Door Lock Defect, and yet, had continued to conceal this safety issue.

60.     As a result of Nissan's active concealment, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

61.    Nissan has had, and continues to have, a duty to disclose the true character, quality, and nature of the Class Vehicles to Plaintiff and the other Class members, including that the Class Vehicles require costly repairs, pose safety concerns, and have a diminished resale value.

62.    Instead, Nissan concealed the true character, quality, and nature of the Class Vehicles and knowingly made misrepresentations about the quality, reliability, characteristics, and performance of the Class Vehicles.

63.    Based on the foregoing, Nissan is estopped from relying on any statutes of limitation in defense of this action.hm

## C.    Estoppel

64.    Nissan has, and continues to have, a duty to disclose to Plaintiff and the other Class members the true character, quality, and nature of the Class Vehicles, including the facts that the Class Vehicles require costly repairs and pose safety concerns. As a result of Nissan's active concealment, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

## VI.    CLASS ACTION ALLEGATIONS

65.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of the following class:

**Nationwide Class:**

All persons or entities in the United States who purchased or leased a Class Vehicle in the United States.

66.    , Plaintiff also proposes the following state-specific sub-class:

**California Class:**

All persons or entities in California who purchased or leased a Class Vehicle in the United States.

67.    Excluded from the Classes are Nissan, its affiliates, employees, officers and directors, persons or entities that purchased the Class Vehicles for resale, and the Judge(s) assigned to this

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

case. Plaintiff reserves the right to modify, change, or expand the Class definition.

68.    Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

69.    This action has been brought and may be properly maintained on behalf of each of the Classes proposed herein under Federal Rule of Civil Procedure 23.

70.    **Numerosity:** The members of the Class are so numerous that their individual joinder is impracticable. Hundreds of thousands of Class Vehicles were sold across the United States. The number and identity of Class members can be obtained through business records regularly maintained by Defendant, its employees, and agents and state agencies. Members of the Class can be notified of the pending action by e-mail and mail, supplemented by published notice, if necessary.

71.    **Commonality and Predominance:** There are questions of law and fact common to the Class. These questions predominate over any questions only affecting individual Class members. The common legal and factual issues include, but are not limited to:

a)  Whether Defendant engaged in the conduct alleged herein;

b)  Whether Defendant designed, advertised, marketed, distributed, leased, sold, or otherwise placed Class Vehicles into the stream of commerce in the United States;

c)  Whether Defendant designed, manufactured, marketed, distributed, leased, sold, or otherwise placed Class Vehicles into the stream of commerce in the United States knowing the door latching system was prone to malfunction;

d)  When Defendant learned of the Door Lock Defect;

e)  Whether Defendant concealed the Door Lock Defect from consumers;

f)  Whether Plaintiff and other Class members have been harmed by the fraud alleged herein;

g)  Whether Defendant was unjustly enriched by its deceptive practices;

h) Whether Plaintiff and members of the Class are entitled to equitable relief in the form of rescission of the purchase agreement or other injunctive relief and, if so, in what amount.

72. **Typicality:** Plaintiff's claims are typical of the claims of each member of the Class. Plaintiff, like all other members of the Class, have sustained damages arising from Nissan's conduct as alleged herein. Plaintiff and the members of the Class were and are similarly or identically harmed by Nissan's unlawful, deceptive, unfair, systematic, and pervasive pattern of misconduct.

73. **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the Class members and has retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation. There are no material conflicts between Plaintiff's claims and those of the members of the Class that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

74. **Superiority:** A class action is superior to all other available means of fairly and efficiently adjudicating the claims brought by Plaintiff and the Class. The injury suffered by each individual Class member is small when compared to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Nissan's conduct. It would be virtually impossible for Class members on an individual basis to effectively redress the wrongs done to them. Even if Class members could afford such individual litigation, the courts cannot. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system, particularly where the subject matter of the case may be technically complex. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Individual Class members can be readily identified and notified based on, *inter alia*, Nissan's vehicle identification numbers, warranty claims, registration records, and database of complaints. Plaintiff contemplates the eventual issuance of notice to the proposed Class members setting forth the subject

Class Action Complaint

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

and nature of the instant action. Nissan's own business records and electronic media can be utilized for the contemplated notices. To the extent that any further notices may be required, Plaintiff would contemplate the use of additional media and/or mailings.

## VII.   CAUSES OF ACTION

### COUNT I

**BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY**

**(Cal. Civ. Code §§ 1792, 1791.1, *et seq.*)**

**(On Behalf of the Nationwide Class, or in the Alternative, the California Class)**

75.    Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

76.    Plaintiff brings this count on behalf of herself and the Nationwide Class, or in the Alternative, the California Class.

77.    At all relevant times hereto, Nissan was/is the manufacturer, distributor, warrantor, and/or seller of the Class Vehicles. Nissan knew or should have known of the specific use for which the Class Vehicles were purchased, yet it did not take any adequate actions to ensure that the Door Lock Defect is fixed. Given that Nissan has known of this serious safety issue – especially in light of hundreds of consumer complaints discussing the Door Lock Defect – and yet it continued to fail to remedy this issue, leaving consumers with no choice but to sue.

78.    Nissan provided Plaintiff and the Class members with an implied warranty that the Class Vehicles, and any parts thereof, are merchantable and fit for the ordinary purposes for which they were sold. The Class Vehicles, however, are not fit for their ordinary purpose because, inter alia, the Class Vehicles suffered from the latent Door Lock Defect at the time of sale.

79.    The Class Vehicles are not fit for the purpose of providing safe and reliable transportation because of the defect – and provide an unreasonably dangerous safety issues for the drivers and passengers of the vehicles.

80.    Nissan impliedly warranted that the Class Vehicles were of merchantable quality and

fit for such use. This implied warranty included, *inter alia*, the following: (i) a warranty that the Class Vehicles were manufactured, supplied, distributed, and/or sold by Nissan were safe and reliable for providing transportation and would not prematurely and catastrophically fail; and (ii) a warranty that the Class Vehicles would be fit for their intended use – providing safe and reliable transportation – while the Class Vehicles were being operated.

81.    Contrary to the applicable implied warranties, the Class Vehicles were not fit for their ordinary and intended purpose. Instead, the Class Vehicles are defective for reasons of the Door Lock Defect described in detail herein.

82.    Nissan's actions, as complained of herein, breached the implied warranty that the Class Vehicles were of merchantable quality and fit for such use in violation of Cal. Civ. Code §§ 1792 and 1791.1.

83.    As a direct and proximate result of Nissan's breach of the implied warranty of merchantability, Plaintiff and the Class members have been damaged in an amount to be proven at trial.

84.    Plaintiff and the Class members were third-party beneficiaries of the sale contracts and/or purchase agreements between Nissan and the retail dealers, which ultimately sold Plaintiff her Class Vehicle. On information and belief, Plaintiff and the Class members were and are the intended beneficiaries of those sales, as Nissan marketed, sold, manufactured, and designed the Class Vehicle for the sole purposes and intention that said vehicles would be purchased or leased and utilized by Plaintiff and the Class members.

## COUNT II

### UNJUST ENRICHMENT/QUASI CONTRACT

**(On Behalf of the Nationwide Class, or in the Alternative, the California Class)**

85.    Plaintiff incorporates by reference each preceding and succeeding paragraph as

though fully set forth at length herein.

86.    Plaintiff brings this count on behalf of herself and the Nationwide Class, or in the Alternative, the California Class.

87.    To the extent required by law, this cause of action is alleged in the alternative to legal claims, as permitted under Fed. R. Civ. P. 8.

88.    Plaintiff and Class members conferred monetary benefits on Defendant by purchasing the Class Vehicles. Defendant's profits are funded entirely from their generated revenues – payments made by or on behalf of Plaintiff and Class Members.

89.    Defendant knew that Plaintiff and the Class conferred a benefit which Defendant accepted, and through which, Defendant was unjustly enriched in retaining the revenues derived from Plaintiff and Class members' purchases of the Class Vehicles. Retention of Plaintiff's and Class members money under these circumstances is unjust and inequitable because Defendant failed to disclose that the Class Vehicles had a latent defect, placing Plaintiff and the Class in unreasonable danger, and causing injuries to Plaintiff and Class members because they would not have purchased the Class Vehicles if the true facts were known.

90.    Defendant enriched itself by saving the costs they reasonably should have spent on ensuring that the Class Vehicles were fit for purchase.

91.    Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class members is unjust and inequitable, Defendant has been unjustly enriched in an amount to be determined at trial.

92.    No adequate remedy is available at law, as discussed in more detail below.

## COUNT III

### VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT ("CLRA")

### (Cal. Civ. Code § 1750, *et seq.*)

### (Brought By Plaintiff on Behalf of the California Class)

93.    Plaintiff incorporates by reference each preceding and succeeding paragraph as

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

though fully set forth at length herein.

94.    Plaintiff brings this count on behalf of herself and the California Class.

95.    Plaintiff, the California Class members, and Nissan are "persons" as that term is defined in Cal. Civil § 1761(c).

96.    Plaintiff and the California Class members are "consumers" as that term is defined in Cal Civ. Code §1761(d).

97.    Nissan engaged in unfair and deceptive acts in violation of the CLRA by the practices described above, and by knowingly and intentionally concealing from Plaintiff and Class members that the Class Vehicles suffer from a defect(s) (and the costs, risks, and overpayment for the vehicles as a result of this problem). These acts and practices violate, at a minimum, the following sections of the CLRA:

- (a)(5) Representing that goods or services have sponsorships, characteristics, uses, benefits or quantities which they do not have, or that a person has a sponsorship, approval, status, affiliation or connection which he or she does not have;

- (a)(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

- (a)(9) Advertising goods and services with the intent not to sell them as advertised.

98.    Nissan's unfair or deceptive acts or practices occurred repeatedly in Nissan's trade or business, were capable of deceiving a substantial portion of the purchasing public, and imposed a serious safety risk on the public.

99.    Nissan knew that the Class Vehicles, including the door lock assembly and their components, were defectively designed or manufactured, would fail prematurely, and were not suitable for their intended use.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

100. Nissan has a duty to Plaintiff and the California Class members to disclose the defective nature of the Class Vehicles and the door latch assembly because:

    a) Nissan was in a superior position to know the true state of facts about the Door Lock Defect and associated repair costs of the door lock actuators for the Class Vehicles;

    b) Plaintiff and the California Class members could not reasonably have been expected to learn or discover that the Class Vehicles had dangerous latent safety defect prior to the sale of the Class Vehicles; and

    c) Nissan knew that Plaintiff and the California Class members could not reasonably have been expected to learn or discover the safety and security defect and the associated repair costs that it causes prior to the sale of the Class Vehicles.

101. In failing to disclose the Door Lock Defect and the associated safety risks and repair costs that result from it, Nissan knowingly and intentionally concealed material facts and breached their duty to disclose.

102. The facts concealed or not disclosed by Nissan to Plaintiff and the California Class members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase or lease the Class Vehicles or pay a lesser price. Had Plaintiff and the California Class members known about the defective nature of the Class Vehicles they would not have purchased or leased the Class Vehicles or would have paid less for them.

103. Plaintiff provided Nissan with notice of their violations of the CLRA pursuant to California Civil Code § 1782(a) on March 24, 2024, and seeks only equitable relief under the CLRA at this time. Should Nissan fail to cure the violation within the 30-day statutory requirement, Plaintiff intends to amend this Complaint to pursue monetary damages under the CLRA.

Class Action Complaint

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

**COUNT IV**

**FRAUD BY OMISSION**

**(Based on California Law)**

**(Brought by Plaintiff on Behalf of the California Class)**

104. Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

105. Plaintiff brings this count on behalf of herself and the California Class members.

106. Nissan made material omissions concerning the existence of the Door Lock Defect, a presently existing or past fact that they did not fully and truthfully disclose to its customers. The Door Lock Defect Door was not readily discoverable until many years after purchase or lease of the Class Vehicles. These facts, and other facts as set forth above, were material because reasonable people attach importance to their existence or nonexistence in deciding which vehicle to purchase or lease.

107. Because Nissan stated facts upon which Plaintiff and Class Members relied upon, Nissan was under a duty to disclose all facts, including those omitted, and not to conceal any facts which materially qualify stated facts. Once Nissan volunteered information, all information must be truthful, and the calculated telling of a half-truth to deceive is fraud.

108. In addition, Nissan had a duty to disclose these omitted material facts because they were known and/or accessible only to Nissan who had superior knowledge and access to the facts, and Nissan knew they were not known to or reasonably discoverable by Plaintiff and the California Class members. These omitted facts were material because they directly impacted the safety of the Class Vehicles.

109. Nissan was in exclusive control of the material facts and such facts were not known to the public or the Class members. Nissan also possessed exclusive knowledge of the defects rendering Class Vehicles inherently more dangerous and unreliable than similar vehicles.

110. Nissan omitted these material facts, in whole or in part, with the intent to induce

55

Plaintiff and the California Class members to purchase or lease the Class Vehicles at a higher price for the vehicles, which did not match the vehicles' true value.

111.    Plaintiff and the California Class members were unaware of these omitted material facts and would not have acted as they did if they had known of the concealed and/or suppressed facts. The actions of Plaintiff and the California Class members were justified.

112.    Plaintiff and the California Class members reasonably relied on these omissions and suffered damages as a result.

113.    As a result of the omission, concealment and/or suppression of the facts, Plaintiff and the California Class members sustained damage. Plaintiff and the California Class members reserve their right to elect either to (a) rescind their purchase or lease of the Class Vehicles and obtain restitution or (b) affirm their purchase or lease of the Class Vehicles and recover damages.

114.    Nissan's acts were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of the rights of Plaintiff and the California Class members. Nissan' conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

## COUNT V

## VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW

### (Cal. Bus. & Prof. Code § 17200, et seq.)

### (Brought by Plaintiff on Behalf of the California Class)

115.    Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

116.    Plaintiff brings this cause of action on behalf of herself and the California Class.

117.    The California Unfair Competition Law ("UCL") prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.

118.    Nissan has engaged in unfair competition and unfair, unlawful, or fraudulent business practices by the conduct, statements, and omissions described above, and by knowingly and

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

intentionally omitting and concealing from Plaintiff and the California Class members that the Class Vehicles suffer from the Door Lock Defect. Nissan should have disclosed this information because it was in a superior position to know the true facts related to the Door Lock Defect, and Plaintiff and California Class members could not have been reasonably expected to learn or discover these true facts.

119.   The Door Lock Defect constitutes a safety issue triggering Nissan's duty to disclose.

120.   By its acts and practices, Nissan has deceived Plaintiff and is likely to have deceived the California Class members and the general public. In failing to disclose the Door Lock Defect and suppressing other material facts from Plaintiff and other California Class members, Nissan breached its duty to disclose these facts, violated the UCL, and caused injuries to Plaintiff and the California Class members. Nissan's omissions and acts of concealment pertained to information material to Plaintiff and other California Class members, as it would have been to all reasonable consumers.

121.   The injuries Plaintiff and the California Class members suffered greatly outweigh any potential countervailing benefit to consumers or to competition, and they are not injuries that Plaintiff and the California Class members could or should have reasonably avoided.

122.   Nissan's acts and practices are unlawful because they violate California Civil Code §§ 1668, 1709, 1710, and 1750 *et seq*., and California Commercial Code § 2313.

123.   As a direct and proximate result of Nissan's violations of the CLRA, Plaintiff and the California Class have suffered injury-in-fact and/or actual damage.

124.   Plaintiff and the California Class members seek to enjoin Nissan from further unlawful, unfair, and/or fraudulent acts or practices, to obtain restitutionary disgorgement of all monies and revenues Nissan has generated as a result of such practices, and all other relief allowed under California Business & Professions Code § 17200.

125.   **No Adequate Remedy at Law.** Plaintiff and Class Members are entitled to equitable relief as no adequate remedy at law exists.

Class Action Complaint

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

a.  **Broader statutes of limitations:** The statutes of limitations for the causes of actions pled herein vary. For instance, the statutes of limitations for UCL and unjust enrichment is longer than the CLRA. In addition, the statutes of limitations vary for certain states' laws for breach of warranty and unjust enrichment, and could even be extended to longer period of times. If equitable relief is not permitted under the UCL (and other claims i.e. unjust enrichment), some class members may be barred from recovery in the event the Court does not toll the statute of limitations. Nationwide Class members who purchased the Vehicles prior to the furthest reach-back under the statute of limitations for breach of warranty could be barred from recovery if equitable relief is not permitted for restitution/unjust enrichment.

b.  **Broader Scope of Conduct:** In addition, the scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of actions. It includes, for example, Nissan's overall unfair marketing scheme to materially omit, across a multitude of media platforms for over a decade of a serious defect in the cars, and to take advantage of consumers' desire for the Class Vehicles and portrayed safety. The UCL also creates a cause of action for violations of law – such as statutory or regulatory requirements – and thus, it may provide class members with more straightforward recovery than the actions for damages. For instance, the CLRA is limited to only certain types of purchases (i.e. for personal use), while UCL and unjust enrichment provide recovery without proof of these additional elements.

c.  **Injunctive Relief to Cease Misconduct and Dispel Misperception:** Injunctive relief is appropriate on behalf of Plaintiff and the Class Members because Nissan continues to sell and misrepresent Vehicles as safe, omitting material defects, and continuing to engage in the unfair, fraudulent, and

unlawful conduct. Injunctive relief is necessary to prevent this future harm, and prevent Nissan from producing cars with similar defects.

d. **Procedural posture:** This is an initial pleading in this action, and discovery has not yet commenced. No class has been certified, nor expert discovery completed. Therefore, a determination of whether damages would be adequate, at this stage is premature.

<u>**COUNT VI**</u>

**VIOLATIONS OF THE SONG-BEVERLY ACT – BREACH OF IMPLIED WARRANTY**

**(Cal. Civ. Code §§ 1792, 1791.1, et seq.)**

**(Brought by Plaintiff on Behalf of the California Class)**

126.  Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

127.  Plaintiff brings this cause of action on behalf of herself and the California Class.

128.  Plaintiff and the other Class members who purchased or leased the Class Vehicles in California are "buyers" within the meaning of California Civil Code § 1791(b).

129.  The Class Vehicles are "consumer goods" within the meaning of California Civil Code § 1791(a).

130.  Nissan is a "manufacturer" of the Class Vehicles within the meaning of California Civil Code § 1791(j).

131.  Nissan impliedly warranted to Plaintiff and the other California Class members that its Class Vehicles were "merchantable" within the meaning of California Civil Code §§ 1791.1(a) & 1792, however, the Class Vehicles do not have the quality that a buyer would reasonably expect.

132.  California Civil Code § 1791.1(a) states: "Implied warranty of merchantability" or "implied warranty that goods are merchantable" means that the consumer goods meet each of the following:

(1) Pass without objection in the trade under the contract description.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

(2) Are fit for the ordinary purposes for which such goods are used.

(3) Are adequately contained, packaged, and labeled.

(4) Conform to the promises or affirmations of fact made on the container or label.

133.    The Class Vehicles would not pass without objection in the automotive trade because the existence of the Door Lock Defect renders the Class Vehicles not fit for the purpose of providing safe and reliable transportation.

134.    Nissan provided Plaintiff and the California Class members with an implied warranty that the Class Vehicles, and any parts thereof, are merchantable and fit for the ordinary purposes for which they were sold. The Class Vehicles, however, are not fit for their ordinary purpose because, inter alia, the Class Vehicles suffered from an inherent defect at the time of sale.

135.    Nissan impliedly warranted that the Class Vehicles were of merchantable quality and fit for such use. This implied warranty included, inter alia, the following: (i) a warranty that the Class Vehicles were manufactured, supplied, distributed, and/or sold by Nissan were safe and reliable for providing transportation; and (ii) a warranty that the Class Vehicles would be fit for their intended use—providing safe and reliable transportation—while the Class Vehicles were being operated.

136.    Contrary to the applicable implied warranties, the Class Vehicles were not fit for their ordinary and intended purpose. Instead, the Class Vehicles are defective, including, but not limited to, the Door Lock Defect.

137.    As a direct and proximate result of Nissan's breach of the implied warranty of merchantability, Plaintiff and the California Class members received goods whose defective condition substantially impairs their value to Plaintiff and the California Class members. Plaintiff and the California Class members have been damaged as result of overpayment for the Class Vehicles, cost necessary for repairs of the Class Vehicles, and/or the Class Vehicles' malfunctioning.

138.    Pursuant to California Civil Code §§ 1791.1(d) and 1794, Plaintiff and the other

California Class members are entitled to damages and other legal and equitable relief including, at their election, the purchase price of their Class Vehicles, or the overpayment or diminution in value of their Class Vehicles.

139.    Pursuant to Cal. Civ. Code § 1794, Plaintiff and the other California Class members are entitled to costs and attorneys' fees.

140.    Nissan's actions, as complained of herein, breached the implied warranty that the Class Vehicles were of merchantable quality and fit for such use in violation of California Civil Code §§ 1792 and 1791.1.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, respectfully request that this Court:

a.    determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying the Class as defined above;

b.    appoint Plaintiff as the representatives of the Class and their counsel as Class counsel;

c.    award all actual, general, special, incidental, statutory, punitive, and consequential damages, and/or restitution to which Plaintiff and members of the Class are entitled;

d.    award pre-judgment and post-judgment interest on any monetary relief;

e.    grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Nissan to repair, recall, and/or replace the Class vehicles and to extend the applicable warranties to a reasonable period of time, or, at a minimum, to provide Plaintiff and Class members with appropriate curative notice regarding the existence and cause of the Door Lock Defect.

f.    award reasonable attorneys' fees and costs; and

g.    grant such further relief that this Court deems appropriate.

Class Action Complaint

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: March 24, 2025                    **CLARKSON LAW FIRM, P.C.**

*/s/ Yana Hart*
Ryan J. Clarkson
Yana Hart
Mark I. Richards
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Email: rclarkson@clarksonlawfirm.com
Email: yhart@clarksonlawfirm.com
Email: mrichards@clarksonlawfirm.com

Class Action Complaint

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com